UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. G-11-312 |
| XPRESS WATER, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Before the Court are the plaintiff and counter-defendant, Mount Vernon Fire Insurance Company's ("Mount Vernon") motion for summary judgment (Docket Entry No. 13) and the defendant and counter-plaintiff, Xpress Water, LLC's ("Xpress") response (Docket Entry No. 18). Mount Vernon also filed a reply to Xpress' response (Docket Entry No. 20).

Xpress preceded Mount Vernon in this arena, filing separately a motion for partial summary judgment (Docket Entry No. 12), which Mount Vernon matched with a response (Docket Entry No. 16).

After reviewing the motions, the responses and replies, the record, and the applicable law, and the Court fully advised, the Court determines that Mount Vernon's motion for summary judgment should be GRANTED; and Xpress' motion for partial summary judgment should be DENIED.

### II.   FACTUAL BACKGROUND

This case focuses on issues of whether Mount Vernon owes Xpress a duty to defend and indemnify it in an underlying lawsuit regarding personal injury and potential worker's

compensation claims. In this regard, the policy that Mount Vernon issued to Xpress for the period of April 6, 2010 through April 6, 2011, determines the dispute between the parties and resolves both motions for summary judgment.

In the underlying suit, the plaintiff, David Vargas, an employee of an independent contractor, suffered injury while installing a roof on a freestanding water kiosk building owned by Xpress. According to Vargas, Xpress and his employer were general contractors on the install service and the two worked together for several days prior to Vargas' accident. On the day of the accident, Vargas was operating without safety equipment, which he alleges Xpress and his employer authorized, when he fell to the pavement sustaining severe injuries.

### III.  CONTENTIONS OF THE PARTIES

#### A.  Mount Vernon's Contentions

Mount Vernon contends that its policy provides no coverage for Xpress in the underlying lawsuit. As well, and on the same basis, Mount Vernon disputes that it has a duty to indemnify Xpress. This includes all instances of Vargas' injuries arising from the installation of the water kiosk and any employer/employee claims by Vargas. The basis of Mount Vernon's position is the classification limitation endorsements in the policy. According to Mount Vernon, the policy limits coverage to "Vending Machine Operations," which does not include the construction of the free-standing building.

#### B.  Xpress' Contentions

Xpress disputes Mount Vernon's position and/or definition of what constitutes vending machine operations. Xpress contends that the underlying lawsuit "aris[es] from the installation of Xpress Water's fresh water vending machine kiosk at the small pad site in [a commercial use] parking lot." Xpress also asserts that neither it nor Vargas' employer was acting as the general

contractor—thus Vargas' injuries, arising from the installation of the water kiosk, would also include any employer/employee claims.

## IV.   THE APPLICABLE LEGAL STANDARDS

### A. The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln General Ins. Co. v. Reyna*, 401 F.3d (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)).

If the burden of proof at trial lies with the non-moving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element or claim. *Celotex*, 477 U.S. at 330. The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 535 (5th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Traf-ficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004). This burden is not satisfied by "some metaphysical doubt as to the material facts," "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Young v. Exxonmobil Corp.*, 155 Fed. Appx. 798, 800 (5th Cir. 2005).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Young*, 155 Fed. Appx. at 800. "Rule 56 'mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Beard v. Banks*, 548 U.S. 521, 530, 126 S. Ct. 2572, 2578, 165 L. Ed.2d 697 (2006) (quoting *Celotex*, 477 U.S. at 322).

### B. The Duty to Defend & Indemnify and the Eight Corners Rule

In Texas, "[a] liability insurer is obligated to defend and indemnify a suit if the facts alleged in the pleadings would give rise to any claim within the coverage of the policy." *Utica Nat. Ins. Co. of Texas v. Am. Indemn. Co.*, 141 S.W.3d 198, 201 (Tex. 2004) (citing *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)). This "eight corners" or "complaint allegation" rule generally limits the basis for determining an insurer's duty to defend and indemnify to the allegations in the underlying lawsuit and the insurance policy language. *Nat'l Union Fire Ins. Co.*, 989 S.W.2d at 141. Several Texas appellate courts have recognized a limited exception to the rule, to allow parties to introduce extrinsic evidence

"[w]hen the petition in the underlying lawsuit does not allege facts sufficient for a determination of whether those facts, even if true, are covered by the policy." *State Farm Fire & Cas. Co. v. Wade*, 827 S.W.2d 448, 452 (Tex. App—Corpus Christi 1992, writ denied); *see also Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 16 S.W.3d 418, 421 (Tex.App.—Waco 2000, pet. denied). The Texas Supreme Court has not expressly recognized this exception. The Texas Supreme Court, however, has declined an opportunity to reject or disapprove the exception. In *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305 (Tex. 2006), the Court refused to accept an expansive application of the exception to admit extrinsic evidence that "is relevant both to coverage and the merits" of the underlying case. *Id.* at 309.

In *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir.2 004), the Fifth Circuit stated that the Texas Supreme Court would be unlikely to recognize an exception to the eight corners rule in cases in which "the petition alleges facts that either (1) potentially fall within a policy's scope of coverage; or (2) where all alleged facts fall outside the scope of coverage." *Id.* The Fifth Circuit stated that any exception to the rule would be limited to cases in which "it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Id*. (emphasis in original).

## V. ANALYSIS AND DISCUSSION

*The Insurance Policy*

### A. Mount Vernon's Interpretation of the Policy.

Mount Vernon offers extrinsic evidence by way of a dictionary definition to help the Court to determine this matter. The Court finds this approach useful and necessary to determine the meaning of "operate" and its derivative "operations."

Mount Vernon offers a basic meaning of the coverage term "vending machine operations." A synthesis of Mount Vernon's several dictionary terms provides that "vending machine operations" means "an act or instance, process, or manner of functioning or operating" a "coin-operated machine for selling small articles, beverages, etc." Mount Vernon derives its interpretation from the 2011 Random House Dictionary.

### B. Xpress' Interpretation of the Policy.

Xpress interprets the term "vending machine operations" from a liberal construction perspective—meaning "the Classification Limitation Endorsement does not define [the term]," which gives rise to an ambiguity in this matter. Xpress also asserts that such ambiguity, concerning the term, defaults to an interpretation in accordance with Texas contract law, which construes any ambiguity in an insurance policy in favor of the insured. *Id.*

*Application*

The Court agrees with Mount Vernon's interpretation. The parties' intent is expressed in Xpress' exhibits to the insurance policy. The initial coverage quote provides for covered locations and corresponding classifications that lists, "Vending Machine Operations . . . Basis—Sales . . . Exposure—[$]25,000 Per 1,000 Sales . . . " as the covered risk. Thus, the surrounding

context of the policy and the agreement exchanged between the parties, represent coverage limited to sales related activities—not construction and installation matters.

### *Work Injury Coverage*

Mount Vernon argues that the policy excludes employer's liability and workers' compensation claims. A plain reading of the policy may well provide such exclusion. Yet, Vargas' state petition does not allege a workers' compensation claim. The Court is controlled by Texas' Eight Corners Rule. As such, the Court shall not render an advisory opinion in this matter regarding work injury coverage as it is not a justiciable matter before the Court. *See*, *e.g.*, *Ashcroft v. Mattis*, 431 U.S. 171, 97 S. Ct. 1739, 52 L. Ed.2d 219 (1977) (holding that for declaratory relief to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present rights based upon established facts).

## VI.  CONCLUSION

The record along with persuasive authority before the Court supports that Mount Vernon, as a matter of law, owes Xpress a duty to defend and indemnify it concerning Vargas' claims in the underlying suit. Xpress' motion for partial summary judgment is DENIED, which resolves the matter before the Court. Mount Vernon's motion for summary judgment is GRANTED.

It is so **ORDERED.**

SIGNED at Houston, Texas this 17th day of April, 2012.

_____
Kenneth M. Hoyt
United States District Judge